NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3090

HORACE M. CHAMBERS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Horace M. Chambers, of Marysville, California, pro se.

John S. Groat, Attorney, Commercial Litigation Branch, Civil Division,  Department of Justice, of Washington, DC, for respondent.   With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin W. White, Jr., Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3090

HORACE M. CHAMBERS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  June 7, 2007

_____

Before BRYSON, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Petitioner Horace Chambers appeals from a final decision of the Merit System Protection Board, Docket No. SF-0831-06-0848-I-1, dismissing his challenge to the apportionment of his retirement annuity.  Because the Board properly concluded that Mr. Chambers's claim is barred by the doctrine of res judicata, we <u>affirm</u>.

## BACKGROUND

The source of Mr. Chambers's complaint is an order by the Superior Court of California issued in connection with his divorce from Patricia Chambers.  The court awarded Ms. Chambers 24 percent of Mr. Chambers's gross monthly annuity under the

Federal Civil Service Retirement System, and directed the Office of Personnel Management ("OPM") to pay that portion of the annuity directly to Ms. Chambers. OPM found that the order was acceptable for processing, and it began sending Ms. Chambers a 24 percent share of his annuity payments.

Mr. Chambers sought reconsideration of OPM's initial decision, alleging that the formula used by the state court to compute Ms. Chambers's apportionment was erroneous. In response, OPM ruled that the court order complied with the relevant federal statutes and regulations, and it affirmed its earlier decision. Mr. Chambers then appealed OPM's final decision to the Board. The Board considered Mr. Chambers's arguments that the state court order was incorrect and concluded that the order was proper and acceptable for processing by OPM. Chambers v. Office of Personnel Management, MSPB Docket No. SF-0831-05-0365-B-1 (Apr. 21, 2006). That initial decision became the Board's final decision when the Board denied Mr. Chambers's petition for review.

Mr. Chambers next attempted to challenge OPM's apportionment of his annuity by filing a petition for enforcement with the Board. However, a petition for enforcement is appropriate only when an agency is not complying with a Board order. In this case, OPM's apportionment decision was in compliance with the Board's order. Because Mr. Chambers was challenging actions that were in compliance with a Board order, the Board docketed the petition for enforcement as a new appeal.

OPM then filed a motion to dismiss the new appeal under the doctrine of res judicata. "[R]es judicata applies if (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3)

the same cause of action and the same parties or their privies were involved in both cases." <u>Carson v. Dep't of Energy</u>, 398 F.3d 1369, 1375 (Fed. Cir. 2005). The Board ruled that the three criteria were met, and it dismissed the action.

DISCUSSION

Mr. Chambers appeals the Board's most recent decision to this court. We agree with the Board that Mr. Chambers's appeal is barred by the doctrine of res judicata. First, the Board properly exercised jurisdiction over Mr. Chambers's earlier challenge. Second, that decision was final and on the merits. And third, Mr. Chambers's claim in this appeal—that OPM improperly accepted the state court's apportionment calculation—is the same claim he brought against OPM in the earlier action. Accordingly, the Board correctly dismissed the appeal based on its prior decision addressing the same issue.